852 F.2d 786
 Fed. Sec. L. Rep. P 94,030
Robert E. HUNT, Plaintiff-Appellant,
v.
Patrick J. ROBINSON; Homericorp, Inc.; Jaffe, Snider,
Raitt, Heuer, Professional Corporation; David
Warner; David Raitt, Defendants-Appellees.
 No. 87-1726.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 6, 1988.
Decided July 29, 1988.
 
 Charles J. Hodge (Hodge & Devine, Anthony E. Griffis, Gray, Griffis, Howard & Wilson, P.A., on brief), for plaintiff-appellant.
 Gordon D. Schreck (Buist, Moore, Smythe & McGee, on brief), W. Jefferson Leath, Jr. (Young, Clement, Rivers & Tisdale, on brief), for defendants-appellees.
 Before CHAPMAN and WILKINSON, Circuit Judges, and EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 WILKINSON, Circuit Judge:
 
 
 1
 Robert Hunt appeals the dismissal of his complaint against Patrick Robinson, Homericorp, Inc., et al., for lack of subject matter jurisdiction. The district court held that federal question jurisdiction was lacking because the complaint failed to state a federal cause of action under Sec. 10(b) of the Securities Exchange Act of 1934. Because the complaint did not allege fraud in connection with the sale or purchase of a security as is required to maintain an action under Sec. 10(b), we affirm the judgment of the district court.
 
 I.
 
 2
 In May of 1983, Robert Hunt entered into an employment contract with Patrick Robinson. Under the terms of this agreement, Hunt was to receive twenty-two percent of the stock in a proposed company when the company was formed and stock was issued. In return, he agreed to accept employment with Robinson and, ultimately, with the company. Hunt went to work for Robinson. Stock in the new company, Homericorp, Inc., was first issued in February, 1986. Hunt continued to work for Robinson and Homericorp until October of 1986 when his employment was terminated.
 
 
 3
 Hunt subsequently filed suit against Robinson, Homericorp, and the law firm of Jaffe, Snider, Raitt & Heuer, P.C., alleging that they had fraudulently deprived him of his ownership interest in Homericorp by failing to list his ownership claim on disclosure documents and by failing to issue stock certificates to him. The action was filed in the United States District Court for the District of South Carolina. Because there was incomplete diversity of citizenship, jurisdiction was based on the existence of a federal question under Sec. 10(b) of the Securities Exchange Act of 1934. The district court held that the allegations in the complaint were insufficient to support a claim under Sec. 10(b) and dismissed the action.
 
 II.
 
 4
 Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, make it unlawful "to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. 240.10b-5(3); see 15 U.S.C. Sec. 78j(b). Assuming that the parties' contract calling for the transfer of stock to Hunt in return for his employment constituted the "sale" of securities, see Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), plaintiff has alleged no fraud "in connection with" that sale.
 
 
 5
 Rather, the gravamen of plaintiff's complaint is that the defendants fraudulently refused to convey or tender the stock to him. The alleged fraud lies, not in the actual sale of the stock, but rather in defendants' refusal to tender the shares as required by the terms of the contract. Thus, the "causal connection between the alleged fraud and the purchase or sale of stock" required to state a federal cause of action under Sec. 10(b) is lacking. Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 194 (3rd Cir.1976).
 
 
 6
 Plaintiff in this case, unlike the plaintiff in Yoder v. Orthomolecular Nutrition Institute, Inc., 751 F.2d 555 (2d Cir.1985), has alleged no misrepresentation of the value of the stock which was to be conveyed. In Yoder, the Second Circuit concluded that an action under Rule 10b-5 could properly be maintained where the complaint alleged that the defendant corporation had knowingly misrepresented its financial condition to induce the plaintiff to enter into an employment contract and transfer certain assets to the company in return for the right to receive shares of its stock. Id. at 559-61. Here, by contrast, Hunt has pointed to no misrepresentations concerning the financial resources or assets of the then unformed company. Indeed, the parties' contract clearly states that, at that time, the stock had no value.
 
 
 7
 Plaintiff's complaint raises grievances redressable by state law. Seven of plaintiff's eight causes of action--for example, breach of contract, common law fraud, civil conspiracy, breach of fiduciary duty, conversion, and unfair trade practices--are claims cognizable under state law. Fraudulent nonconveyance of stock is likewise a state law claim. It is not transformed into a federal claim simply because the object of the bargain was shares of stock.
 
 
 8
 The scope of Sec. 10(b) must be interpreted with due regard for congressional intent. The fundamental purpose of the Securities Exchange Act of 1934 is to implement a "philosophy of full disclosure," Santa Fe Industries, Inc. v. Green, 430 U.S. 462, 477-78, 97 S.Ct. 1292, 1303, 51 L.Ed.2d 480 (1977), by providing participants in stock transactions with the information they need to make their investment decisions. O'Brien v. Continental Illinois Nat. Bank & Trust, 593 F.2d 54, 60 (7th Cir.1979). That goal is not furthered by bringing within the ambit of Sec. 10(b) claims amounting to breach of contract or common law fraud which have long been the staples of state law.
 
 
 9
 For the foregoing reasons, the judgment of the district court is AFFIRMED.